UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD PATE, JR., ) | Case No.: 1:10 CV 1083 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| CITY OF CLEVELAND, *et al.*, ) | <u>AND ORDER</u> |
| ) | |
| Defendants ) | |

*Pro se* plaintiff Donald Pate, Jr. filed this action under 42 U.S.C. § 1983 against the City of Cleveland and the Cleveland Second District Police Department. In the complaint, he alleges that he was assaulted by officers from the Second District Police Department in the course of his arrest. He seeks monetary damages.

**Background**

Mr. Pate alleges he was assaulted by Officers Maguth, Maffo-Judd, Brelo, Weber, Galarza, Davidson, Konn, and Hummel on March 8, 2010. He states he was surrounded by four police cruisers and that he did not resist arrest. He claims the officers got out of their vehicles and began to strike him. He contends that while he was on the ground in handcuffs, he was hit in the head with a flashlight, kicked and punched. Mr. Pate indicates he was not provided with medical attention until he got to the Cleveland City Jail. He asserts that the defendants used excessive force

to secure his arrest.

## Analysis

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915A.

Mr. Pate names only the City of Cleveland and the Second District Police Department as defendants in this action. Police Departments are not *sui juris* and therefore cannot sue or be sued. *See Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987). *See also Messer v. Rohrer*, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). They are merely sub-units of the municipalities they serve. *Id.* Mr. Pate's claim against the Second District Police Department is therefore a claim against the City of Cleveland.

A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged

2

unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Mr. Pate does not name as defendants the individual officers who allegedly assaulted him, but rather asserts a claim against the City of Cleveland for the actions of these officers. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Cleveland which may have resulted in the deprivation of a federally protected right of the plaintiff. Because no other defendants remain, this action is dismissed without prejudice.

**Conclusion**

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not
(continued...)

3

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 31, 2010

---

[1](...continued)
taken in good faith.